IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARCIA WIMBERLY,

    Plaintiff,

vs.                                                                             CASE NO. 1:08CV109-SPM/AK

ELBERT A/K/A MICK ROYAL,
et al,

    Defendants.

_____/

## O R D E R

Presently before the Court is Defendants' (Adept Support Coordination, Inc., EKF Management Corp, Etelka Froymovich and Phillip Froymovich) Motion for Protective Order seeking relief from discovery served by Plaintiff upon them.  (Doc. 34).  Plaintiff has not responded to the motion.

Plaintiff brings this "class action" suit  pro se and alleges violations of the Florida RICO Act against her former employer, Adept Support Coordination, Inc, which provided support coordination services to mentally, physically, or developmentally challenged persons, according to Adept's motion.  There are pending two motions to dismiss the amended complaint based on a number of pleading deficiencies including lack of federal question jurisdiction.  Defendants contend their motions are likely to be granted, and they request that they not be caused additional effort and expense in

responding to discovery served by the Plaintiff until the motions are resolved. Defendants also contend that the discovery is irrelevant and overbroad.

The court has conducted a cursory review of the amended complaint and finds it impossible to discern the nature of Plaintiff's claims against the named Defendants. Without deciding the motions to dismiss the complaint at this time, the Court will grant the motion for protective order relieving Defendants of their obligations to respond to the discovery served upon them and prohibiting further discovery until such time as the Court decides the pending motions to dismiss.  Because the claims are so vague and supported by little factual detail, it would be unduly burdensome for any of the Defendants to respond to the discovery served and it is impossible for the Court to determine whether any or all of the discovery propounded is indeed relevant because the claims are so loosely framed.  Finally, no scheduling order was entered in this cause so service of discovery was premature.  Because the nature of the motions to dismiss are based solely on the sufficiency of the pleading or lack thereof, no discovery is necessary to respond to the motion and indeed Plaintiff has already responded.

Accordingly, it is

**ORDERED:**

Defendants' Motion for Protective Order (doc. 34) is **GRANTED**.

**DONE AND ORDERED** this  _**16**$^{th}$_  day of March, 2009.


        _s/ A. KORNBLUM_
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

**No. 1:08cv109-SPM/AK**