**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**MARCIA WIMBERLY,**

    **Plaintiff,**

**vs.**                                                       **CASE NO. 1:08CV109-SPM/AK**

**ELBERT A/K/A MICK ROYAL,**
**et al,**

    **Defendants.**

    _____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause of action alleging violations of the Rico Act and the "Consumers Legal Remedies Act" against a number of persons, including her former employer, for alleged corrupt business practices and other problems related to her employment. She brings this cause as a "class action." Plaintiff is proceeding pro se and has paid the full filing fee and served the complaint.

Defendants Phil Fromavich, EFK Management Inc., Adept Support Coordination, Inc, and Etelka Fromavich have moved to dismiss the complaint for a number of pleading deficiencies. (Doc. 23). Defendants Jim Smith, Jane McFarland, Jennifer Valenzuela, Mary Stover, and Barbara Ross have also moved to dismiss on similar grounds. (Doc. 31). Plaintiff has responded. (Doc. 33).

Default has been entered against Defendants Nicole Youngblood, Nicole Youngblood, Inc., People Systems, Bob Larimer, and Elbert Royal. (Doc. 38).

## I.     Allegations of the Complaint (doc. 1)

Plaintiff worked for Adept Support Coordination, Inc., a company operated by Elbert Royal, whom she claims engaged in corrupt practices with regard to their disabled clients and created a hostile work environment for her. From the complaint, it is not clear what Plaintiff's job description was or what services Adept provided. She mentions that, sometime in 2007, she was "targeted for closure" following an allegation of abuse by a disabled person. Beyond this, it is impossible to discern what the claims are and who is claimed to have done what. She groups the Defendants collectively and fails to specify what each did that was criminal or corrupt or otherwise violated her rights.

## II.    Standard of Review

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Boyer v. Board of County Comm'rs, 922 F. Supp. 476, 482 (D. Kan. 1996), aff'd, 108 F.3d 1388, citing Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993); Mitchell v. Farcass, 112 F.3d 1483, 1487 (11th Cir. 1997); Mannings v. Board of Public Instr. of Hillsborough County, Fla., 277 F.2d 370, 372 (5th Cir. 1960). The court should not weigh the evidence, but merely "determine whether the complaint itself is legally sufficient." In re Mosello, 190 B.R. 165, 168, aff'd, 193 B.R. 147, aff'd,

104 F.3d 352 (Bankr. S.D.N.Y. 1995), *citing* Festa v. Local 3, Int'l Brotherhood of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990).

The Supreme Court recently expressed a new standard in Bell Atlantic Corp., et al. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007), holding:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations...[f]actual allegations must be enough to raise a right to relief above the speculative level...

In doing so, the Court emphasized that it was not requiring a fact pleading of specifics, but only enough facts to show that a claim to relief is plausible. Id., at 1974. The Twombly Court expressly abandoned a literal reading of the "no set of facts" language announced in Conley v. Gibson. Id. at 1969. See Conley v. Gibson, 355 U.S. 41, 45-6, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (dismissal of a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief).

All well-pleaded factual allegations and reasonable inferences from those allegations must be accepted as true in ruling upon a motion to dismiss. Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992)(citation omitted), *cert. denied*, 113 S. Ct. 1586 (1993). However, this does not mean "that every statement in a complaint must be accepted as true." In re Mosello, 190 B.R. at 168. The "court need not accept 'sweeping and unwarranted averments of fact.'" *Id.*, *citing* Perniciaro v. Natale, 136 B.R. 344, 348 (Bankr. E.D.N.Y. 1992), *quoting* Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). Claims which "rely upon conclusory statements of law" need not be accepted. Northern Trust Co. v.

**No. 1:08cv109-SPM/AK**

Peters, 69 F.3d 123, 129 (7th Cir. 1995). Conclusory statements and their inferences "are not sufficient to defeat a motion to dismiss for failure to state a claim." Northern Trust Co., 69 F.3d at 129; *see also* Quality Foods de Centro America, 711 F.2d 989, 995 (11th Cir. 1983)(finding "[c]onclusory allegations that defendant violated the antitrust laws and plaintiff was injured thereby will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief.")

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the

**No. 1:08cv109-SPM/AK**

equivalent of a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

### III.    Motions to Dismiss (docs. 23 and 31)

Defendants explain that Plaintiff was hired to provide support coordination services for disabled persons at the Gainesville office of Adept.  On January 22, 2008, Adept met with its employees to advise that the Gainesville office would be closing, but that Bob Larimar, owner of People Systems, would interview each of them for positions with his company as his business was taking over the area.  Plaintiff did not interview for this job, but allegedly requested that Adept fire her so she could collect unemployment until her independent certification as a Medicaid provider came through.  When she was not fired as requested, she quit and filed an EEOC charge.  Shortly after this, it was learned that she was not certified as a Medicaid provider because of an abuse charge.

a)    Pleading deficiencies

Defendants are correct that Plaintiff has not complied with Rules 8, 9, and 10, Federal Rules of Civil Procedure, for stating jurisdiction, naming the Defendants, separating counts, and stating with specificity her claims of fraud and conspiracy.  However, these deficiencies do not form the basis for the recommendation that this cause be dismissed because of the liberality with which the courts treat pro se complaints.

**No. 1:08cv109-SPM/AK**

b)      Failure to state a claim

It is impossible for any of the defendants to address the claims against them because Plaintiff has grouped them collectively.

Also she asserts claims under the RICO statute, 18 U.S.C. §1961 - 1968, but has not provided sufficient facts to support such a claim.

To establish a federal civil RICO violation, a plaintiff must satisfy four elements of proof: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Jones v. Childers, 18 F.3d 899, 910 (11th Cir. 1994).  To qualify for civil damages, a plaintiff must also show that she sustained injury to her business or property that was the proximate cause of the racketeering activity.  Williams v. Mohawk Industries, Inc., 2005 WL 1355512 (11th Cir. June 9, 2005).

As shown above, Plaintiff makes conclusory allegations of racketeering and criminal activity by Elbert Royal, who has not answered the complaint and against whom default has been entered.  According to 18 U.S.C. §1961 (1) the racketeering activity must be an indictable felony, as listed in that section, but Plaintiff has alleged no specific acts, criminal or otherwise, against Royal or any of the other defendants.  Thus, she has wholly failed to state a claim under this statute.

With regard to the "Consumers Legal Remedies Act," the Court as well was unable to find a reference to such a statute under the United States Code Annotated Popular Name Index.  It is not the responsibility of the Court or the Defendants to identify the legal bases of Plaintiff's claims.  Under the facts alleged, as few as there

**No. 1:08cv109-SPM/AK**

Case 1:08-cv-00109-SPM-AK   Document 43   Filed 06/01/09   Page 7 of 8

are, she is not a consumer of any of the disabled persons services mentioned, she was an employee of a business who provided such services.

Finally, any civil rights claims that could be discerned from these facts would not be viable against these defendants, who are private individuals and businesses, and are not "state actors," for purposes of civil rights violations.

A successful section 1983 action requires a plaintiff to show he was deprived of a federal right by a person acting under "color of state law." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) *citing* Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978).  A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state. Edwards v. Wallace Community College, 49 F.3d 1517, 1722 (11th Cir. 1995) *citing* West v. Atkins, 487 U.S. 42, 48-50, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988). "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual."  *Id.*, at 1523, *citing* Monroe v. Pape, 365 U.S. 167, 183-84, 81 S. Ct. 473, 482, 5 L. Ed. 2d 492 (1961), *overruled on other grounds by* Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).    Although private individuals and entities may be held liable under §1983, such persons must be jointly engaged with state officials in the prohibited conduct to constitute acting under color of state law for purposes of the statute. Adickes v. Kress & Co., 398 U.S. 144, 152 (1970).  Private action may be deemed state action for §1983 purposes only when the challenged conduct may be

**No. 1:08cv109-SPM/AK**

"fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). To hold that private parties are acting under color of state law pursuant to 42 U.S.C. § 1983, a Plaintiff must prove one of the following three conditions: (1) that the state has coerced or significantly encouraged the parties to violate the Constitution; (2) the private parties performed a public function that was traditionally the exclusive province of the State; or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was joint participant in the enterprise. Rayburn, etc. v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001).

In light of the foregoing, it is respectfully **RECOMMENDED** that the motions to dismiss (docs. 23 and 31) be **GRANTED** and this cause **DISMISSED**.

**IN CHAMBERS** at Gainesville, Florida, this  _1st_ day of June, 2009.


                                        _s/ A. KORNBLUM_
                                        **ALLAN KORNBLUM**
                                        **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.




**No. 1:08cv109-SPM/AK**