IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARCIA E. WIMBERLY,

    Plaintiff,

vs.                                        CASE NO. 1:08-cv-109-SPM/AK

ELBERT ROYAL,

    Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court for consideration of the Magistrate Judge's Report and Recommendation (doc. 43).  Plaintiff has been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  Plaintiff, who is pro se, filed an objection (doc. 44).  Pursuant to Title 28, United States Code, Section 636(b)(1), I have conducted a de novo review of the sections of the report to which objections have been made.  I find that the Report and Recommendation is correct and should be adopted.

Plaintiff's objection includes a lengthy job description of the position she held as an employee of Defendant Adept Support Coordination, Incorporated, and much of the rest of it is incomprehensible. However, the gist of the Plaintiff's relevant objection appears to be that the Magistrate Judge is incorrect in

concluding that the Plaintiff failed to satisfactorily state a claim for relief. The Supreme Court recently expressed a new standard in <u>Bell Atlantic Corp., et al. V. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007), holding:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegation . . . [f]actual allegations must be enough to raise a right to relief above the speculative level[.]

In doing so, the Court emphasized that it was not requiring a fact pleading of specifics, but only enough facts to show that a claim to relief is plausible. <u>Id.</u>, at 1974. Pro se complaints are to be held to a less stringent standard than those drafted by an attorney. <u>Wright v. Newsome</u>, 795 F.2d 964, 967 (11th Cir. 1986). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." <u>Worst v. Hart</u>, 1995 WL 431357, *2 (N.D. Fla. 1995). The Plaintiff's complaint does not satisfy this standard, as the complaint consists of only vague and conclusory allegations of criminal activity, minimal factual description, and groups all Defendants together without specifying which claims are directed at which Defendants. As the complaint renders it impossible for any of the Defendants to ascertain, and thereby address, the claims against them, this case must be dismissed.  Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

    1.    The Magistrate Judge's Report and Recommendation (doc. 43) is

    *adopted* and incorporated by reference into this order.

2.  The Defendants' Motions to Dismiss (docs. 23 and 31) are *granted*.

3.  This case is dismissed for failure to state a claim upon which relief may be granted.

DONE AND ORDERED this <u>thirtieth</u> day of June, 2009.

          *s/ Stephan P. Mickle*
          Stephan P. Mickle
          Chief United States District Judge